IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**KEITH DUNMORE,**

         Petitioner

v.                         CIVIL ACTION NO. 1:05cv119
                              (Judge Keeley)

**WARDEN K.J. WENDT,**

         Respondent.


**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


                  **I.  Introduction**

     On August 18, 2005, Keith Dunmore ("Dunmore"), the pro se petitioner and an inmate at FCI-Gilmer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Dunmore brings a due process challenge to prison disciplinary hearings at FCI-Gilmer.  He further challenges the sufficiency of the evidence supporting the hearing officer's finding of guilt for assault and the sanctions he received – thirty days of disciplinary segregation, forfeiture of sixty days good time credit and loss of visitation privileges for twelve months – as a result of that finding.

     Pursuant to  28 U.S.C. § 636(b)(1) and the standing Order of this Court, Dunmore's petition was referred to United States Magistrate Judge James E. Seibert, who, on July 18, 2006, issued a Report and Recommendation ("R&R") recommending that Dunmore's

**Dunmore v. Wendt**                                                 1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

petition be denied and dismissed with prejudice.  On July 27, 2006, Dunmore filed timely objections to the R&R.

After conducting a <u>de novo</u> review of those portions of Magistrate Judge Seibert's R&R to which the petitioner objects, the Court finds that Dunmore's objections are without merit. Accordingly, for the reasons that follow, the Court **AFFIRMS** Magistrate Judge Seibert's R&R and **DISMISSES WITH PREJUDICE** Dunmore's 28 U.S.C. § 2241 petition.

## II.  Background

Dunmore was convicted in the District of Columbia Superior Court of kidnapping and armed robbery and sentenced to eleven to thirty-three years of imprisonment.  The Federal Bureau of Prisons ("BOP") designated him to FCI-Gilmer to serve his sentence.

On January 1, 2005, while at FCI-Gilmer, Dunmore was charged with a violation of BOP prohibited act code 224, Assaulting Any Person.[1]  According to Incident Report No. 1297559, on January 1, 2005, Dunmore grabbed a female who was visiting him, pulled her towards her seat, forced her down into her chair after she resisted, and placed his forearm and hand on the visitor's shoulder to keep her in the chair.

---

[1] Charged violations pertaining to codes 407 and 409 were expunged as they were duplicitous.

**Dunmore v. Wendt**                                                  1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 12, 2005, Lieutenant Macias provided Dunmore with written notice of the charge; in this case, a copy of the Incident Report.

On January 17, 2005, Dunmore's unit manager advised him of his due process rights, including his right to remain silent. Dunmore subsequently waived his right to have a staff member represent him before the Discipline Hearing Officer ("DHO") and expressed his intention to call one witness at the DHO hearing. The same day, Dunmore made a statement to the Unit Disciplinary Committee ("UDC"). According to Section Seventeen of the Incident Report, Dunmore told the UDC that his visitor's son was eating chicken, and that when the female visitor wiped her son's hands, he grabbed her arm to stop her because he wanted the female visitor to treat her child like a big boy. Dunmore claimed that he did not force his visitor down. As a result of this proceeding, the UDC elected to refer the charge to the DHO for further hearing.

On January 26, 2005, DHO Livingston conducted a hearing during which she collected evidence presented orally by Dunmore and by inmate Mims (Reg. #81660-058) on Dunmore's behalf. Evidence was also obtained from the incident report, a written testimonial prepared by Lieutenant McCullum, and a written testimonial prepared by Officer Callis, an eyewitness. Based upon this evidence, DHO

3

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Livingston determined that Dunmore committed the assault and sanctioned him to thirty days of disciplinary segregation, forfeiture of sixty days good conduct time, and loss of visitation privileges for twelve months.

After being sanctioned, Dunmore followed all avenues of appeal within the Administrative Remedy Procedure. Appeals before the Regional Director, as well as before the National Appeals Director, were accepted, reviewed, and denied. On August 18, 2005, Dunmore petitioned this Court for a writ of habeas corpus.

On July 18, 2006, Magistrate Judge Seibert issued his Report and Recommendation, finding that Dunmore was afforded due process and that there was sufficient evidence to support the DHO's decision. On July 27, 2006, Dunmore filed his objections to the R&R.

### III. Magistrate Judge's Report & Recommendation

In his analysis, Magistrate Judge Seibert confirmed that Dunmore "has a constitutionally protected liberty interest in good time credit" to justify a Fifth Amendment due process claim. R&R at 3 (quoting Young v. Kann, 926 F.2d 1396, 1399 (3rd Cir. 1991)). He then turned to the due process requirements for prison disciplinary proceedings. In accord with the decision of the United States Supreme Court in Wolff v. McDonnell, the magistrate

**Dunmore v. Wendt**                                                    1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

judge enumerated the following five due process requirements for prison disciplinary hearings:

(1) giving the prisoner written notice of the charges at least 24 hours before he appears for the disciplinary hearing;
(2) providing the prisoner a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action;
(3) allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
(4) permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
(5) providing impartial fact finders.

R&R at 4 (citing Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974)).

Applying these requirements to the record before him, Magistrate Judge Seibert found that Dunmore was afforded due process. According to the R&R, Dunmore was provided with a timely, written notice of the charges, was provided with the DHO's written statement detailing the evidence she relied on and the reasons for her action, was permitted to call a witness who did, in fact, testify on his behalf, was not manipulated when the DHO failed to consider the female visitor's affidavit because that affidavit, dated February 17, 2005, was not available for consideration at the

5

January 26, 2005 hearing, failed to request a review of surveillance video during the DHO hearing, waived his right to an inmate or staff representative, and failed to show any evidence that the DHO was not impartial. Thus, Magistrate Judge Seibert concluded that the Wolff requirements were met.

Turning to the question of whether the evidence presented supports the DHO's findings, Magistrate Judge Seibert again looked to Supreme Court precedent holding that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Report and Recommendation at 6 (quoting Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985)). After reviewing the Incident Report, testimony of Dunmore's inmate witness, and the testimony of Dunmore himself, the magistrate judge concluded that "[c]learly, there was 'some evidence' to support a guilty finding in this case." R&R at 6.

Because Magistrate Judge Seibert found that all procedural and evidentiary standards were satisfied and that Dunmore was not deprived of a constitutionally-protected interest without due process, he recommended that Dunmore's petition be denied and dismissed with prejudice.

6

**Dunmore v. Wendt**  1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### IV. Dunmore's Objections to the Magistrate Judge's Report and Recommendation

Dunmore lodges two objections to Magistrate Judge Seibert's Report and Recommendation. First, he claims that the magistrate judge erred in finding that he was afforded due process as defined by Wolff. Specifically, Dunmore asserts: 1) he was prevented from calling witnesses and from presenting evidence as required by Wolff; 2) he was not provided with impartial fact finders as required by Wolff; 3) the DHO Hearing was not witnessed by a hearing officer or staff member to ensure fair proceedings; and 4) those proceedings were not recorded.

Second, Dunmore claims that the magistrate judge made his recommendation without the aid of all evidence at the DHO's disposal and that the magistrate judge "needed to be present[ed] with all of the evidence" in the DHO's possession, including video surveillance footage of the alleged incident and all of his inmate witness's statements, in order to make a proper recommendation. Petitioner's Objection at 3.

### V. Standard of Review

The Court reviews do novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made, Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), and the

7

Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object.  Id.

## VI.  Analysis

**Introduction**

The analysis here begins with an evaluation of the petitioner's due process objections.  The first step in this regard is to determine whether Dunmore was afforded due process in accordance with the five Wolff requirements. 418 U.S. at 564-571. The second step is to determine whether Dunmore's prison disciplinary hearing was consistent with procedural requirements for such hearings.

**A. Petitioner's First Objection**

Dunmore's first objection, that the magistrate judge erred in finding that he was afforded due process as defined by Wolff, is without merit.  A prison disciplinary hearing will not violate an inmate's due process rights so long as at least twenty-four hours prior to his disciplinary hearing the prisoner is provided with written notice of the charges, and also receives a written statement by the fact finders, setting forth the evidence and reasons relied upon for pursuing disciplinary action. The prisoner must be allowed to call witnesses and to present documentary evidence in his defense when no undue hazard to institutional

**Dunmore v. Wendt**                                                    1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

safety or to correctional goals will result by permitting him to do so. He is also permitted the aid of a fellow prisoner, or if that is forbidden, aid from staff if illiteracy or complexity of the issues is likely to hamper proper evidence collection or comprehension of the case. Finally, the prisoner must be provided with impartial fact finders. Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974).

### i. Written Notice of Charges

The record reflects that prison staff provided Dunmore with written notice of the disciplinary charges against him at least twenty-four hours prior to his disciplinary hearing. Because Dunmore raises no applicable objection, the Court **ADOPTS** the magistrate judge's recommendation that the first Wolff requirement was satisfied.

### ii. Written Statement of Evidence and Reasons

The record reflects that prison staff provided Dunmore with a written statement by the fact finder, setting forth the evidence and reasons relied upon for pursuing disciplinary action. Again, the petitioner raises no applicable objection. For these reasons, the Court **ADOPTS** the magistrate judge's recommendation that the second Wolff requirement was satisfied.

**Dunmore v. Wendt**                                               **1:05cv119**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### iii. Presentation of Witnesses and Other Evidence

Dunmore claims that he was "never allowed to present any evidence or any eyewitnesses at all, during his hearing." Petitioner's Objections at 2. There is ample evidence in the record otherwise, however.

As the magistrate judge noted, not only does the DHO Report confirm that Dunmore was allowed to call a witness but it also confirms that inmate Mims did, in fact, testify on Dunmore's behalf. DHO Livingston's Declaration advances the same interpretation. While the Court acknowledges the inmate witness's affidavit, it finds the credibility of that affidavit suspect in light of overwhelming evidence to the contrary in the record at large. Therefore, the Court finds that Dunmore was permitted to call a witness on his behalf and, moreover, that the witness testified at the January 26, 2005 DHO hearing.

Dunmore further claims that the DHO impermissibly ignored the letter drafted by his female visitor regarding the alleged incident. He fails to acknowledge, however, that the letter was not submitted until well after the hearing date. The hearing took place on January 26, 2005, while the letter is dated February 17, 2005. Therefore, the letter's exclusion at the DHO hearing is not evidence of a due process violation.

Moreover, the petitioner claims that he asked the DHO to review video surveillance footage of the alleged incident, and that the DHO's failure to do so is another violation of the third Wolff requirement. Beyond the petitioner's bald assertion, however, there is nothing in the record to indicate that Dunmore asked for a review of the visiting room surveillance video at any time prior to the DHO proceeding. All relevant documents generated prior to the hearing on January 26, 2005, are silent with regard to the surveillance video. Further, DHO Livingston's Declaration states that Dunmore never requested that the video be reviewed during the hearing.

Because Dunmore offers no evidence to support his contentions, and because there is ample evidence to refute them, the Court finds that Dunmore was not prevented from calling witnesses or from presenting documentary evidence during the January 26, 2005 DHO hearing. Accordingly, the Court **AFFIRMS** the magistrate judge's recommendation that the third Wolff requirement was satisfied.

### iv. Staff or Inmate Assistance

The record reflects that Dunmore waived his right to staff or inmate assistance. Dunmore never contested this point. Therefore, the Court **ADOPTS** the magistrate judge's recommendation that the fourth Wolff requirement was satisfied.

**Dunmore v. Wendt**                                              1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    **v.**    **Impartial Factfinder**

Dunmore objects to Magistrate Judge Seibert's finding that he was provided with an impartial fact finder. Dunmore claims that the DHO's bias was demonstrated when she ignored the statement of Dunmore's female visitor, when she refused to review the visiting room surveillance tape, when she failed to adhere to rules and procedures, and when she failed to allow inmate Mims to testify.

The Court previously addressed and dismissed Dunmore's claims regarding the video footage, the letter of his female visitor, and the inmate witness's testimony. Dunmore did not request a review of the surveillance video prior to the hearing. The letter written by his female visitor was not submitted until well after the hearing date. Finally, inmate Mims was called to testify on Dunmore's behalf and did so. Just as this evidence negates Dunmore's assertion that he was unable to call witnesses and present evidence, so too does it directly contradict his assertion that his due process rights were violated for failure to provide an impartial fact finder.

Dunmore further asserts that procedural errors serve as evidence that the fact finder in his disciplinary hearing was not impartial. With regard to these specific allegations of procedural error, the Court notes that they were not raised by Dunmore prior

12

to the petitioner's objection to the magistrate judge's R&R. Because these allegations appear to support an existing claim (i.e. that Dunmore was not provided with an impartial fact finder) and because the allegations of pro se petitioners are held to "less stringent standards" than if they had been drafted by lawyers, the Court will address them. Haines v. Kerner, 404 U.S. 519, 520 (1972).

According to Dunmore, the hearing was not witnessed by a staff member or hearing officer, the hearing was not tape recorded, and greater steps should have been taken to make certain that evidence was collected fairly. For the following reasons, the Court finds that these claims are without merit.

Contrary to Dunmore's contention, there is no requirement that DHO hearings be recorded. According to the applicable Federal Bureau of Prisons Program Statement, "[t]he Discipline Hearing Officer shall prepare a record of the proceedings which need not be verbatim." P.S. 5270.07, Ch.7, p.8. Furthermore, when Dunmore waived his right to staff assistance he waived his right to have an independent staff member witness the proceedings. Lastly, Dunmore offers no evidence to support his assertion that evidence was collected unfairly.

**Dunmore v. Wendt**　　　　　　　　　　　　　　　　　　　　　　　　　　1:05cv119

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Dunmore's claims of procedural errors and bias are either negated by evidence on the record or lack supporting evidence altogether. Because the Court finds that Dunmore's January 26, 2005 DHO hearing was procedurally sound and that he was provided with an impartial fact finder, it **AFFIRMS** the magistrate judge's recommendation that the fifth <u>Wolff</u> requirement was satisfied.

**B.    Petitioner's Second Objection**

Dunmore's second objection is that the magistrate judge erred by making a recommendation without having all the evidence evaluated by the DHO before him. Dunmore asserts that, in order properly evaluate his petition, the Court must evaluate both the video surveillance footage of the alleged incident and the statements of inmate Mims. For two reasons, this objection fails.

First, there is no indication that the DHO based her finding, in any way, on the video surveillance recording. In fact, there is no evidence that the DHO ever viewed the video surveillance recording. Second, the magistrate judge did consider all statements made by inmate Mims. In his R&R, Magistrate Judge Seibert states:

> Contrary to Dunmore's allegations, and despite the affidavit now provided by inmate Mims, the weight of the evidence establishes that [Mims] did, in fact, appear and make a statement. According to the DHO report, inmate Mims was

14

> called and stated, 'I was sitting in front of
> them.  I never saw him grab her.  I only
> looked back when the officer came over.'

Report and Recommendation at 5.  Accordingly, the Court finds that all evidence employed by the DHO was presented to the magistrate judge for consideration and that the body of evidence was properly relied upon by the magistrate judge in making his recommendation.

### VII.  Conclusion

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Seibert's Report and Recommendation and **DENIES and DISMISSES WITH PREJUDICE** Dunmore's 28 U.S.C. § 2241 petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and to mail a copy of this Order to the petitioner, certified mail, return receipt requested.

Dated: June 25, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE